Counsel. May it please the court. My name is Charles Cleveland. I represent the appellants in this matter. For ease of discussion, because of the numerous appellants, I will simply refer to appellants as Logan neighborhood. At this point I'd ask the court if I could reserve five minutes for rebuttal. You'll have to watch your time, but you may. Thank you, Your Honor. My oral presentation will be in this court's order of January 22nd, 08, as to the cases cited therein. As to the remaining aspects, I believe those are thoroughly covered in the briefs submitted by the Logan neighborhood, and I don't want the court to believe that I'm avoiding or waiving those arguments. Believe me, that's the right thing to do if you want, but you don't waive arguments by not making them clear. They're in the briefs. We rely very heavily on briefs. We read them, so don't worry about waiving anything. Thank you. This appeal concerns the district court's dismissal of claims for lack of due process claims for the city of Spokane's rational lack of enforcement of its Spokane Municipal Code and the National Historic Preservation Act and the Secretary of Interior Standards. To put into perspective the cases noted by the court in its January 22nd, 2008 order, namely Action Apartment, Crown Point, and the Supreme Court's decision in Lingle. Just to make clear, so I can help you focus the argument, the point, the principal point of the order was that those cases had not been addressed. They're highly relevant to the preemption issue, whether the takings versus the substantive due process analysis has changed. Action Apartments obviously came after this case was briefed. That takes, that puts you then into the position as the petitioners having to then establish whether you have a substantive due process claim. So you don't have to go back and sort of rehearse the history of Lingle and Crown Point and Action Apartment, but that's what you need to be focused on. Thank you, Your Honor. I might note for the court that Lingle was brought to the attention of the district court in oral argument. Yes. The legislative and statutory policy of historic preservation in the city of Spokane is important to understand the irrational lack of enforcement of its standards. In 1981, the city of Spokane adopted a historic preservation ordinance. That ordinance established a historic landmarks commission with purpose to recognize and preserve historic properties. That ordinance provided that the property owners have to obtain a certificate of appropriateness for construction on historic properties, mainly properties that were listed on the National Historic Register. The city of Spokane noted in its brief that the case doesn't turn on what the city of, city council of Spokane meant when it adopted an ordinance creating a floating historic preservation zone under debatable circumstances. Actually, it does turn on the underlying validity of that ordinance. In March 1986, the city of Spokane, by and through its historic preservation office, submitted a nomination form for placing the Mission Avenue Historic District on the National Register of Historic Places. That covers the property at issue in this particular case, 428 East Mission. Subsequently, that property was placed on the National Historic Register. At that time, Mr. Dressel owned property in the neighborhood and was so informed of that nomination. Subsequently, the city of Spokane became more explicit in its historic preservation policy. And its Spokane Municipal Code provides that all new construction basically within a historic district or listed on the National Register requires an administrative special permit. The purpose of that ordinance is set as it was in 1981. The city and county find that establishment of Landmarks Commission to protect, enhance, and preserve historic buildings and districts is a public necessity. Given that, the Landmarks Commission uses the Secretary of Interior Standards to guide its determination, as it does so in terms of operational interpretation, which is in the record, as to the Landmarks Commission using the Secretary of Interior Standards in interpreting them. The city council did not, as the brief indicates, inadvertently  What is the substantive due process claim you think you're making? The substantive due process claim is that it deprived of property values. There is citation in the record to a property appraisal. By what? What, what? Diminished the value because of the historic. I'm sorry. What caused, what is it the State did, in effect, to cause the diminishment? What the State did was to grant the permit to Mr. Dressel without following the dictates of the statute. That's a, isn't that a, that's a claim you have for procedural due process, isn't it? It is procedural. It is also substantive because, as the record indicates, there is indication that the property values of the Logan neighborhood have been diminished. By, by the action of the developer. And by the city so allowing them without enforcing its own standards. I see. Yeah, I'm just having trouble finding a substantive due process violation. You know, and maybe you can cite a case which suggests that a lack of enforcement of what's essentially a building permit process is so extreme as to shock the conscience and the other language that's used by the court in order to find a substantive due process violation. Your Honor, in the normal building permit process, that might be true, but this is in a Mission Avenue historic district. Because of that context and the City of Spokane's stated policy to preserve and protect those areas, the resulting grant of that permit diminished the value, the property values to the neighborhood. That is the deprivation of constitutional rights. They took away an economic right. They took away a property value that is inherent to the property owners in that Mission Avenue historic district. But what's the answer to Judge Acuda's question? What is it about that that is so egregious, outrageous, that it shocks the contemporary conscience? Is it just because it happens to involve an historic district? No, because it's... It sets it apart? ...from the property owners. They took away a right to a historic district. Okay, I think we're grappling, because this is an evolving area now with the changes wrought bilingual and otherwise, so in trying to tease out a substantive due process claim here, we do have cases, Supreme Court cases, that seem to set a very high bar for lack of enforcement being translated into a due process violation. So what case are you relying on? I understand the factual predicate that you've now articulated, but I'm not sure what legal authority there is. Well, Your Honor, there is one case, procedural due process, the Weinberg case cited by the Ninth Circuit, indicating procedural due process claims are viable. Second, in terms of this case with the National Historic District, there is no other situation similar to this that I have been able to find, Your Honor. It is the only one. And as this Court indicated in the US Supreme Court indicated in L'Engle, that substantive due process claims are not preempted by the Fifth Amendment. No, we're assuming. Now, that's what the assumption is, but that just gets you past preemption. You still have to articulate a viable substantive due process claim. And now we're into the body of law that seems to set a fairly high bar when you're dealing with a failure to act by a licensing body. Well, Your Honor, other than as a substantive matter, procedural is different, but substantively. Correct. Your Honor, I'd still go back to the fact that the National Historic Preservation Act, the necessity and what this Court has said in previous holdings, how important it is to preserve historic properties. But the NHPA, really all it does is require the Federal agency to think about it, right? It doesn't even create any absolute protection. Correct, Your Honor. We never alleged a direct action under the National Historic Preservation Act. What we've always argued is that because the City of Spokane incorporated the Federal standards into the statute, therefore, they became bound by the terms and conditions of those statutes. And, in fact, the statute itself states they use the Secretary of Interior's standards to guide the construction and interpretation of its duties. Mr. Dressel began the construction on that property in 2005. I think we, you know, the facts we know. I think we've sort of got the essence of your argument. So if you're not going to re-argue things that are in your brief. Well, Your Honor, I would then direct to what the Ninth Circuit has stated in its action and crown point and relate it to this particular circumstance. I sort of thought that's what we just went through, but go ahead. Well, the Euclid, but, Your Honor, I'm trying to focus in terms of the Euclid analysis that is with the court, the Supreme Court, as well as this Court has gone back to in terms of assessing the claims involving property deprivations. It is arbitrary and reasonable with no substantial relation to the public health safety morals or general welfare. Using the test that this Court has applied. What is it that, what are you tying, what action are you tying that to? They permitted, the action that they took that you're complaining about is that they allowed the construction of what is essentially student housing. Isn't that correct? Correct, Your Honor. Are you alleging that has no public purpose? Well, within the confines of the statutory purpose to preserve historic properties, there is no validity to that action. There is nothing in the record to show, number one, there is a conceivable purpose, and the specific approach by the city in granting that permit in a historic neighborhood was rational. That's tying into the public use aspect, as this Court noted in action, that it is not a taking claim, but a due process claim if the government action is impermissible. The government action fails the public use requirement, is it so arbitrary as to violate due process? That's what gets you into the substantive due process side of things, yes. We do understand that. Okay. So based on that, Your Honor, that because the city has not shown that its conceivable purpose or that it has undertaken specific approach was rational in light of the historic properties, then, in effect, it has violated the public use, it is so arbitrary and irrational because they failed to follow their own statute. Thus, because of appellant's, the Logan neighborhood's, loss of the use of the property rights, the relief side that we would seek is reversal of the district court and grant of a summary judgment given the city has admitted to the facts and asked to do so without remand. Okay. Now, you're appealing the denial, you're appealing the grant of summary judgment as to the city. Did you cross-move for grant of summary judgment? Yes, Your Honor. I believe in the record ER-165 an oral motion was made for summary judgment. Well, I know you did, but did you bring to us the affirmative denial that that was denied and that issue is before us? In other words, if we were to reverse the district court and send it back, then it would go forward, or you're saying that we now have before us the grant of summary judgment to you? Correct, Your Honor. I'm asking the court to grant it. Okay. Thank you, Your Honor. May it please the Court and counsel. My name is Milt Rowland. I'm here on behalf of the City of Spokane. Mr. Stephen Schneider is in the room at counsel table also. He represents Defendant Dressel, the appellee is in this matter also. I'm a little curious how you miss the evolution of the law since Lingle. I'm curious as to it, too, Your Honor. When Mr. Cleveland said – I teach this at Gonzaga and Idaho law schools. It's not like I have an excuse for missing the impact of Lingle on the arminderiz precedents. But at the time of oral argument in this case, we really did think that Lingle only impacted that small area of substantive due process takings cases in which there was no overlap, in which it's clearly a substantive due process analysis. And we did not think that Lingle was designed to or intended to make that big a change in the law. In fact, the court says, well, although – the court in Lingle says although we've been using this substantially advances language for a while, we really emphasize that today's decision doesn't overrule any of our precedents, not one. No, I understand that. But Crown Point came along. Action is quite recent, I understand. But in any event, it sort of cuts the legs out from a lot of your briefing when Crown Point comes along and sort of rejects that argument. It does. And if I could have this case to brief all over again, what I'd do is I'd suggest that the court and this court has, and indeed it did in Action Apartments, affirm on alternate grounds. And although the arminderiz – what I used to call the arminderiz trick, treat any SDP claim that sounds in property values as a takings claim and dismiss it for lack of rightness, because there was no showing that there was a – there was unavailable in the State system a way of getting compensated for inverse condemnation, although that approach doesn't work in all cases anymore. It does work in some cases, but in this case in particular, there really is no property interest that's in question. The facts are undisputed. Mr. Cleveland has said that over and over again in his briefs. That's true. The evidence that they have of property damage is in the letter from Mr. Joliker in the record at page 117 that says that the idea of zoning is that we have compatible uses together. An introduction of an incompatible use could cause a decrease in property values. That's it. I have not been able to find a single case in which a property owner is granted an entitlement, a due process, substantive or procedural due process interest, and whether his neighbor is granted or denied a permit. There are a few cases saying the opposite, but even this court two weeks ago in the Matsuda case – not this panel, but the Ninth Circuit – two weeks ago in the Matsuda case said for either procedural or substantive due process, we have to have a protected – a constitutionally protected property interest. I don't see one here on the undisputed complete record that the trial court had at summary judgment, which, by the way, is a distinction between this case and Crown Point in which the record was not developed and this court had to remand for further factual clarification at the trial court level. But all the facts are in here. There's no reason to remand. We have no constitutionally protected property interest. We have no private right of action. Gonzaga v. Stowe, I think the court's probably on top of that, and the court probably just wants to hear about what to do in light of action apartments and what the court referred to as the evolving case law in this subject. But the court has a handle on the test. Judge Kuda and Judge Fischer both, in response to appellant's arguments, stated the test and pointed out that the Supreme Court says the bar is very high under these circumstances. We just ask the court to apply that test and not remand. We also think that there is one thing that really hasn't been particularly well-briefed or argued, although it's apparent from the pleadings before the court, and that is that the appellants were very aware of the construction as it was beginning. There are State remedies for construction that's underway. Stop work orders. The hearing examiner for the city of Spokane has power to issue a stop work order when a permit is improvidently given. So does the Superior Court. But none of these actions were taken, and instead there's been this insistence that by a few words, sort of out of nowhere, and the historic preservation officer testified in affidavit. She doesn't know what it means. But the notion that the entire body of National Historic Preservation Law is somehow incorporated into 11-19-270-D-3, in three words, to incorporate not just the statutes but all the CFRs, the entire body of case law, it was too much for the planning and zoning people in the city of Spokane to believe that that was really the intent of the city council when it adopted that ordinance. So it waited for the Landmarks Commission to adopt defining characteristics, and in the meantime, it would have violated Mr. Dressel's constitutional rights to deny him a permit to remodel his property as he saw fit without any clear and direct and stated basis. He would have had no notice when he bought the property, for example, that merely a designation on the National Register of Historic Places had such a remarkable and draconian limitation on his power to remodel. He had no notice of that. So from the city of Spokane to the city of Spokane. I don't have to use up the clock. I mean, we have the points. So unless you have something to add to your briefs, I think. You know, Your Honor, the last time I was before the Ninth Circuit, I was so nervous that I stopped after five minutes. This time I've essentially said all I had to say, and it was only six and a half minutes. I'm not nervous, but I'm really delighted to be here, so thank you. Does the Court have any questions for me? I think we understand the case.  I think you do, too. Thank you, Judge. Mr. Cleveland, would you like to take the balance for a minute or so? I'm not going to take the full lot of time. I would just reference a couple of issues. First, in the record, it does reference there are interests, not simply property interests, that were adversely affected in terms of the individual's aesthetic interests as well as cultural historic interests. Second, despite that there is no implicit cause of action in the National Historic Preservation Act, using the Grable analysis, that it's implicit, the Court is able to allow that to proceed. Third is that, as Mr. Rowland indicated, there is no indication that the city intended to incorporate a substantial body of historic preservation law. That brings us to the Grable second-tier analysis in terms of is there an actual disputed and substantial question. Given that there is a stated claim for relief under Federal law, second, the substantial body of law, that is precisely why the city of Spokane incorporated that, to make sure to protect those historic properties on the State, local, and national registers. Thank you, Your Honor. Okay. Thank you. Interesting case. We appreciate the argument, and the case is submitted.
judges: Fisher, Gould, Ikuta